IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

IN RE:

TONYA DIANE DIEDRICH,

                Debtor.

Case No. 17-30225

Chapter 7

## MEMORANDUM OPINION

The issue before the court is whether Debtor Tonya Diedrich is entitled to a $1,250 "head of household" exemption in her 2007 Infiniti G35 pursuant to Mo. Rev. Stat. § 513.440 (2012). Tonya believes she qualifies as a head of household because she lives with her 80-year-old mother and 47-year-old disabled boyfriend and "provide[s] the majority of the family's financial support." Trustee Norman Rouse objects to the exemption, arguing Tonya does not qualify for the exemption because she is unmarried; has no dependent children; and her living arrangement with her mother and boyfriend is really one of roommates living together, each paying their own separate expenses, and together sharing some common expenses. Tonya and Trustee presented evidence and arguments to the court during a hearing on October 26, 2017.

For the reasons set forth below, the court determines that Tonya is entitled to a $1,250 head of household exemption.

    **I.**     **Jurisdiction**

The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b) (2012). This matter is statutorily and constitutionally core under 28 U.S.C. § 157(b)(2)(B). The court, therefore, has the authority to hear this matter and make a final determination. No party has contested jurisdiction or the court's authority to make final determinations.

**II.     Burden of Proof**

As the party objecting to the exemption, Trustee bears the burden of proving Tonya did not properly claim the head of household exemption. Fed. R. Bankr. P. 4003(c).

**III.    Factual Background**

Tonya largely exempts her car by claiming on her Amended Schedule C a $3,000 motor vehicle exemption pursuant to Mo. Rev. Stat. § 513.430.1(5) (2016), a $1,250 head of household exemption pursuant to Mo. Rev. Stat. § 513.440 (2012), and a $600 wildcard exemption pursuant to Mo. Rev. Stat. § 513.430.1(3) (2016). Trustee objects only to the head of household exemption.

Tonya testified credibly at the hearing. Based on the evidence presented, the court finds the following: Tonya is retired and disabled and shares a home with two others—Delores (Tonya's 80-year-old mother) and Michael Nelson (Tonya's significant other). Tonya, Delores, and Michael each receive Social Security income, with Tonya receiving more income than Delores or Michael. Each of them maintains a separate bank account. Delores and Michael use much of their income to pay for their own separate expenses—Delores maintains her aging vehicle and Michael makes payments on a truck loan, a utility vehicle loan, insurance, and a cell phone. Although Delores buys most of the household groceries and cooks for a larger group that includes relatives who live nearby, Tonya also often purchases groceries and prepares her own meals. Michael occasionally purchases minor household supplies.

Tonya lists Delores and Michael as dependents on her Schedule J. Tonya also includes the following as some of her monthly expenses on her Schedule J: $300 for rental or home ownership expenses; $67 for property, homeowner's, or renter's insurance; $50 for home maintenance, repair, and upkeep expenses; $380 for electricity, heat, and natural gas; $20 for

food and housekeeping supplies; and $75 for telephone, internet, satellite, and cable services. She testified that these are all non-prorated household expenses that she pays each month and for which she does not receive any reimbursement from Delores or Michael. Tonya pays to refill the household propane tank when it is empty, usually at a cost of $700 to $800. She also pays to repair or replace any broken household appliances. Tonya intends to continue living with Delores and Michael under these arrangements indefinitely. Finally, Tonya filed her 2016 tax returns as head of household, claiming Michael and Delores as qualified dependents.

Having outlined the relevant facts, the court now considers Tonya's entitlement to the head of household exemption.

**IV. Discussion**

Missouri has "opted out" of the federal exemption scheme, leaving debtors with only those exemptions allowed under state law or federal non-bankruptcy law. Mo. Rev. Stat. § 513.427 (1982). Missouri's exemption statutes permit each "head of family" to exempt up to $1,250 of property, plus additional amounts for certain dependents. Mo. Rev. Stat. § 513.440 (2012). Like all exemption laws in Missouri, courts construe the head of family or head of household exemption liberally in favor of the debtor. *In re Swigart*, 339 B.R. 724, 727 (Bankr. W.D. Mo. 2006).

Section 513.440 provides in pertinent part that "[e]ach head of family may select and hold, exempt from execution, any other property . . . not exceeding in value the amount of one thousand two hundred fifty dollars . . . ." Mo. Rev. Stat. § 513.440.

A debtor must first be part of a family to claim the exemption. Missouri courts "adopt a broad view of the concept of 'family.'" *Swigart*, 339 B.R. at 728. Even unmarried persons who "*intend* their domestic relationship to last indefinitely" qualify as a "family" for the head of

household exemption. *In re Townsend*, 344 B.R. 915, 918 (Bankr. W.D. Mo. 2006) (emphasis original). Tonya testified that she intends to continue living with Delores and Michael indefinitely under their present domestic living arrangement. Trustee and Tonya stipulated that Tonya and Delores qualify as a "family" for purposes of section 513.440. It is, therefore, unnecessary for the Court to determine whether Tonya and Michael constitute a "family" without Delores.

A debtor must also be the "head" of her family to claim the exemption. To do so, she must be supporting one or more of the other members of the household. *See State v. Haney*, 277 S.W.2d 632, 636 (Mo. 1955); *Swigart*, 339 B.R. at 728. In making this determination, courts consider several factors, including whether a debtor: (1) provides substantial economic support to the household; (2) files as head of household on her income tax returns; (3) lists sufficient expenses on her schedules to support the family; and (4) claimed the other family members as dependents on her Schedule J. *See Swigart*, 339 B.R. at 728–29.

The evidence here establishes that, while each family member earns income and pays some of their own separate expenses, Tonya takes the leading role in making the decisions about the financial affairs of the household and pays most of the household expenses. On Schedule J, Tonya lists Delores and Michael as dependents and includes several of the household expenses as her expenses. Finally, Tonya filed as head of household on her 2016 income tax return.

These facts establish that Tonya is supporting the household and sufficiently controls, supervises, and manages the affairs of her family. Tonya may claim a $1,250 head of household exemption.

V. **Conclusion**

For the reasons set forth above, the court overrules Trustee's objection to Tonya's claim

of a $1,250 head of household exemption in the car pursuant to section 513.440.  This Memorandum Opinion constitutes the court's findings of fact and conclusions of law.  The court will issue a separate order on the docket.

Dated: 12/22/2017                                              /s/ Brian T. Fenimore
                                                                   HONORABLE BRIAN T. FENIMORE
                                                                   United States Bankruptcy Judge